UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LANCE HULLUM,
        Plaintiff,

     v.                             CIVIL ACTION NO.
                                       23-10082-PBS

CAROL MICI, DEAN GRAY,
DAVID SHAW, THOMAS TOCCI,
THEODORE BERIAU, DAVID LOMME,
DAVID AZIZ, GEARY R. WEAVER,
MICHAEL CHELLIS, JOSEPH KILLERIAN,
        Defendants.

ORDER

SARIS, D.J.                            March 22, 2023

    1.   Plaintiff Lance Hullum's ("Hullum") motion for leave to proceed in forma pauperis (ECF No. 14) is hereby ALLOWED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $18.00. The remainder of the fee, $332.00, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this Order to the Treasurer's Office at the Middlesex County House of Correction, along with the standard Notice to Prison form. Because Hullum is proceeding in forma pauperis, his amended complaint is subject to screening under 28 U.S.C. § 1915(e)(2).[1]  Section 1915

---

[1] The Amended Complaint completely supersedes the original complaint. Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008) ("An amended complaint, once filed, normally supersedes the antecedent complaint"). While Hullum has accompanied his filings with affidavits, the Court considers only the amended complaint for purposes of screening.

authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things, the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); Neitzke v. Williams, 490 U.S. at 325; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Gonzalez-Gonzalez v. United States, 257 F.3d 31, 37 (1st Cir. 2001).  In conducting this review, the Court liberally construes Hullum's complaint because he is proceeding pro se.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).

    2.   Pursuant to the Court's screening under 28 U.S.C. § 1915(e)(2), the Amended Complaint is screened as follows:

        (a)  the Amended Complaint is dismissed in part pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii), to the extent that the Amended Complaint might be construed to seek monetary damages against the defendants under 42 U.S.C. § 1983 in their official -- as opposed to personal -- capacities under principles of Eleventh Amendment sovereign immunity.  "The Eleventh Amendment generally bars suits against states and state officials."  Doe v. Shibinette, 16 F.4th 894, 903 (1st Cir. 2021).  It "does not bar suits for damages against state

officials sued in their individual capacities, though such
officials are usually protected by common law immunity." Haidak
v. Univ. of Massachusetts-Amherst, 933 F.3d 56, 76 (1st Cir.
2019) (citing Hafer v. Melo, 502 U.S. 21, 26 (1991)).  It also
does not bar "prospective injunctive relief to prevent a
continuing violation of federal law, in part because a suit
challenging the constitutionality of a state official's action
in enforcing state law is not one against the State."
Shibinette, 16 F.4th at 903 (citations and quotations omitted)
(emphasis added).

        (b)  Hullum's claims against Commissioner Carol Mici,
Superintendent Dean Gray, and Lt. Thomas Tocci for monetary
damages in their personal capacities under 42 U.S.C. § 1983 are
DISMISSED without prejudice pursuant to 28 U.S.C. §
1915(e)(2)(B)(ii).  "A supervisory liability claim under section
1983 has two elements: the plaintiff must plausibly allege that
'one of the supervisor's subordinates abridged the plaintiff's
constitutional rights' and then forge an affirmative link
between the abridgement and some action or inaction on the
supervisor's part.'" Parker v. Landry, 935 F.3d 9, 14 (1st Cir.
2019) (quoting Guadalupe-Báez v. Pesquera, 819 F.3d 509, 514
(1st Cir. 2016)).  "Such culpable action or inaction may
comprise, say, a showing of behavior that constitutes
'supervisory encouragement, condonation or acquiescence[,] or

gross negligence ... amounting to deliberate indifference.'" Id. (quoting Grajales v. P.R. Ports Auth., 682 F.3d 40, 47 (1st Cir. 2012)).  "The concept of supervisory liability is separate and distinct from concepts such as vicarious liability and respondeat superior" and, while "a supervisor need not personally engage in the subordinate's misconduct in order to be held liable, his own acts or omissions must work a constitutional violation." Id. at 15.  Thus, "[a]t a minimum, the plaintiff must allege facts showing that the supervisor's conduct sank to the level of deliberate indifference." Id.  This showing requires "(1) that the officials had knowledge of facts, from which (2) the officials can draw the inference (3) that a substantial risk of serious harm exists." Id. (citations and quotations omitted)  Even then, Hullum needs to establish a causal nexus.  Id.

Here, as to Commissioner Mici, Superintendent Gray, and Lt. Tocci there are insufficient plausibly-pleaded, non-conclusory allegations as to their participation in the purported Constitutional violations.  Rather, the allegations are directed more to their positions and responsibilities.  Accordingly, without such sufficiently pleaded facts, the claims against them for monetary damages are dismissed, but without prejudice.  If Hullum can provide sufficient allegations, he may move for leave to amend the complaint.

4

3.    Hullum's Motion for Appointment of Counsel (ECF No.
15) is <u>DENIED</u> without prejudice.  Although pursuant to the 28
U.S.C. §1915(e)(1), the Court "may request an attorney to
represent any person unable to afford counsel," it is well
settled that "[t]here is no absolute constitutional right to a
free lawyer in a civil case."  <u>DesRosiers v. Moran</u>, 949 F.2d 15,
23 (1st Cir. 1991).  The First Circuit has held that a court's
denial of a motion to appoint counsel is subject to reversal if:
(1) a plaintiff is indigent; and, (2) exceptional circumstances
exist such that the denial of counsel will result in a
fundamental unfairness impinging on his due process rights. <u>Id.</u>;
28 U.S.C. § 1915(e)(1).  "To determine whether there are
exceptional circumstances sufficient to warrant the appointment
of counsel, a court must examine the total situation, focusing,
inter alia, on the merits of the case, the complexity of the
legal issues, and the litigant's ability to represent himself."
<u>Id.</u>  At this stage of the proceedings, the motion is premature
and, on this record, while Hullum appears indigent, he has not
yet demonstrated "exceptional circumstances" that warrant
appointment of counsel.

4.    The Clerk shall issue summonses to all defendants, and
send the summonses, complaint, and this Order to the plaintiff,
who must thereafter serve the defendants in accordance with
Federal Rule of Civil Procedure 4(m).  Hullum may elect to have

service made by the United States Marshals Service.  If directed by Hullum to do so, the United States Marshals Service shall serve the summonses, complaint, and this Order upon the defendants, in the manner directed by the plaintiff, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshal Service, it remains Hullum's responsibility to provide the United States Marshal Service with all necessary paperwork and service information.  Notwithstanding Fed. R. Civ. P. 4(m) and Local Rule 4.1, the plaintiff shall have 90 days from the date of this Order to complete service.

**So Ordered.**

/s/ Patti B. Saris
UNITED STATES DISTRICT JUDGE