```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS
```

LANCE HULLUM,
           Plaintiff,

          v.                              CIVIL ACTION NO.
                                                    23-10082-PBS

CAROL MICI, DEAN GRAY,
DAVID SHAW, THOMAS TOCCI,
THEODORE BERIAU, DAVID LOMME,
DAVID AZIZ, GEARY R. WEAVER,
MICHAEL CHELLIS, JOSEPH KILLELEA,

           Defendants.

<u>ORDER</u>

SARIS, D.J.                                            NOVEMBER 15, 2023

    1.    Plaintiff Lance Hullum's unopposed Motion for Appointment of Counsel (ECF No. 58), is <u>ALLOWED</u> only to the extent that the court refers the matter to the Court's Pro Bono Coordinator to attempt to secure counsel willing to represent Hullum without compensation. Hullum is advised that the allowance of her motion to appoint counsel does not mean that he is guaranteed pro bono counsel. The Pro Bono Coordinator will contact attorneys who have expressed interest in pro bono representation and inform them that the court requests pro bono counsel for Hullum.  If none of these attorneys agree to represent Hullum, he will be required to continue to represent himself.  The Court will either appoint counsel or notify the parties that counsel has not been located by January 12, 2024

1

2. Hullum's Motion to Amend the Complaint (ECF No. 57) is ALLOWED in Part and DENIED in Part, and Motion to Enlarge Time (ECF No. 52) is DENIED as MOOT. Hullum's proposed amended/supplemental Complaint is not a short and plain statement under Fed. R. Civ. P. 8(a). To be transparent, the Court is most immediately concerned with the purported Eighth Amendment endangerment/failure to protect claims. Hullum's pleadings and proposed amended/supplemental complaint essentially allege, among other things, that many prison officials are making claims that Hullum is a snitch and a sex offender in an attempt to incite inmates to act. Hullum claims that supervisory officials permit this alleged pervasive harassment to occur. Further, Hullum alleges that he is being retaliated against for pursuing this matter.

The Court, of course, makes no findings as to these and the other allegations in the pleadings -- they are mere allegations -- but Hullum shall be permitted to file a *final* amended complaint, a single document with all of his claims in one document, that complies with the basic pleading requirements of the Federal Rules of Civil Procedure, so that the Court can evaluate the claims. The deadline to file amended complaint shall be 60 days after appointment of counsel to permit adequate investigation, or 30 days after notice that counsel has not been located. The amended complaint will be promptly screened by the

Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  No response shall be necessary by any defendant or proposed defendant absent further order of the Court.  After screening, the Court will establish a schedule for responsive pleadings to be filed, including motions to dismiss.  Hullum is admonished to keep his pleadings focused on his primary claims.  A complaint is not a novel, and even the claims described here should not exceed 30 pages.

    3.    Hullum's Motion for a Temporary Restraining Order (ECF No. 53) is <u>DENIED</u> without prejudice.  Hullum's motion is not supported with a separate memorandum of reasons, <u>see</u> Local Rule 7.1(b)(1) ("A party filing a motion shall at the same time file a memorandum of reasons, including citation of supporting authorities, why the motion should be granted.  Affidavits and other documents setting forth or evidencing facts on which the motion is based shall be filed with the motion."), and therefore does not address the legal requirements for a temporary restraining order.  Rather, Hullum incorporates by reference a motion that does not address the issues, and the complaint. Furthermore, Hullum is seeking a mandatory injunction for this Court to actively interfere with the operation of the Department of Corrections by ordering Hullum's transfer to specific facilities, and Hullum has not met the high burden for this Court to entertain such extraordinary relief.  Indeed, the

Department of Correction is ostensibly in the best position to determine how and where to best effectuate its duty to safely incarcerate Hullum.  See McKune v. Lile, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise.").  The Court requests, but does not order, that defendants' counsel inform the appropriate officials at the Massachusetts Department of Correction of Hullum's allegations made in this action (and presumes this has already been done in the course of this litigation) and this order.  To the extent Hullum is transferred to another institution, the Court also requests, but does not order, that it inform the Court within seven (7) days after the completion any such transfer or such reasonable time to accommodate security concerns.  The Court expressly takes no position as to whether Hullum ought be transferred, or any other action taken, on this record, and at this time.

    4.   Defendants' Motion to Dismiss (ECF No. 49) is DENIED as MOOT, subject to refiling after an amended complaint is filed.

**So Ordered.**

                                        /s/ Patti B. Saris
                                        UNITED STATES DISTRICT JUDGE