```
           UNITED STATES DISTRICT COURT
            DISTRICT OF MASSACHUSETTS
```

LANCE HULLUM,
          Plaintiff,

      v.                                 CIVIL ACTION NO.
                                         23-10082-PBS

CAROL MICI, SHAWN ZOLDAK,
DEPARTMENT OF CORRECTION,
CO STEPHEN ADAMS, CO TAYLOR LANDRY,
CO STEVEN CLARK, AND
FORMER CO BRENDAN METCALF,

          Defendants.

<u>ORDER</u>

SARIS, D.J.                                                 JULY 30, 2024

     Defendants' Motion to Dismiss, ECF No. 158 is <u>ALLOWED</u> in part, converted to a motion for summary judgment on the issue of exhaustion with leave to file supplemental briefing, and held in abeyance as to issues in the motion to dismiss otherwise not decided, as follows:

     (1)  All injunctive relief claims are <u>DISMISSED</u> as <u>MOOT</u>;

     (2)  All official capacity monetary damages claims against the Department of Correction and official capacity claims against the individual defendants are <u>DISMISSED</u> with prejudice under Eleventh Amendment sovereign immunity; <u>see</u> <u>Doe</u> v. Shibinette, 16 F.4th 894, 903 (1st Cir. 2021); and

     (3)  All remaining claims for individual monetary damages are <u>DISMISSED</u> without prejudice as to defendants Mici and

Zoldack for failure to plead any plausible allegations against them;

As to the individual capacity claims against the remaining individual defendants, it appears that the plaintiff began, but did not exhaust his administrative remedies as to these remaining defendants, and therefore the claims are subject to dismissal; however, this issue is more properly determined on a motion for summary judgment, not a motion to dismiss, and the Court converts the motion to dismiss to a motion for summary judgment only as to that issue, and will provide the parties an opportunity to further brief the issue under that standard. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."); Maraglia v. Maloney, 365 F. Supp. 2d 76, 81 (D. Mass. 2005) (converting motion to dismiss on issue of exhaustion to motion for summary judgment); Cruz-Berrios v. P.R. Dep't of Corr. and Rehab., No. CV 16-3155 (RAM), 2019 WL 5858157, at *3 (D.P.R. Nov. 8, 2019) (same).

Specifically, as to the remaining individual defendants, it appears the plaintiff has asserted in his opposition that he considers having called a hotline as exhausting his

administrative remedies, notwithstanding the conclusory allegation in the Amended Complaint that he has exhausted administrative remedies.  Of course, "a motion to dismiss may be granted on the ground of failure to exhaust only where the facts establishing the defense are clear on the face of the plaintiff's pleadings."  Hudson v. MacEachern, 94 F. Supp. 3d 59, 67 (D. Mass. 2015) (cleaned up).  Here, it is apparent from the exhibits attached to the Amended Complaint that while plaintiff began the informal grievance process with respect to the remaining individual defendants, he did not file formal grievances as to them, as instructed in the form and in resolution of the informal grievances.  See ECF No. 95-1 (filing informal grievances and being instructed by the facility to file a formal grievance).  Furthermore, the affidavits presented by the defendants earlier in this action and relied upon by both parties -- though not specifically in support of their motion to dismiss and outside the pleadings -- do not paint a clear picture as to the hotline complaint process and whether complaints were initiated as to the remaining defendants.

Accordingly, the defendants shall supplement their motion to dismiss with a properly supported motion for partial summary judgment motion as to this issue by **August 16, 2024**; plaintiff

3

shall file any opposition by **September 13, 2024**.[1]  The Court is particularly interested in the entire grievance history concerning this issue, in addition to the remaining defendants. <u>No other issues are to be raised in this narrow briefing other than the issue of exhaustion identified here, nor is any other supplemental briefing authorized on the pending motion to dismiss.</u>  The remaining undecided issues in the motion to dismiss (i.e. qualified immunity and merits claims) are held in abeyance pending the resolution of the exhaustion issue.

As for the remaining pending motions, ECF Nos. 142, 147, 148, 151, and 156, are each <u>DENIED</u>.  Plaintiff's motion for discovery, ECF No. 80, and motion for default judgment, ECF No. 162, are each <u>DENIED</u> inasmuch as it appears the Department of Correction has preserved the requested video footage and has represented to the Court that no audio recordings exist.

**So Ordered.**

/s/ PATTI B. SARIS
UNITED STATES DISTRICT JUDGE

---

[1] The conversion of this narrow issue on the motion to dismiss to a motion for partial summary judgment on the issue of exhaustion does not prevent the filing of motions for summary judgment in the ordinary course.

4